**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DELORES A. ALLEN,**

                      **Plaintiff,**

                    **v.**                                **6:03-CV-24**
                                                               **(FJS/DRH)**

**JO ANNE B. BARNHART, Commissioner of Social**
**Security Administration,**

                      **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF JONATHAN P. FOSTER**<br>407 South Main Street<br>Athens, Pennsylvania 18810<br>Attorneys for Plaintiff | **JONATHAN P. FOSTER, ESQ.** |
| **OFFICE OF THE UNITED STATES**<br>**ATTORNEY**<br>100 South Clinton Street<br>Syracuse, New York 13261<br>Attorneys for Defendant | **WILLIAM H. PEASE, AUSA** |

**SCULLIN, Chief Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff seeks review pursuant to 42 U.S.C. § 405(g) of Defendant's decision to deny her claim for Social Security disability benefits. Currently before the Court are Defendant's objections to Magistrate Judge Homer's March 23, 2005 Report-Recommendation and Order ("RRO").

      On January 9, 2001, Plaintiff filed an application with Defendant for disability insurance

benefits. *See* Administrative Transcript ("AT") at 68-70. Defendant denied Plaintiff's application. *See id.* at 57-61. Plaintiff requested that Defendant reconsider this decision. *See id.* at 62-63. On December 11, 2001, an administrative law judge ("ALJ") conducted a hearing to consider Plaintiff's claim. *See id.* at 32-56. On July 17, 2002, the ALJ issued a decision denying Plaintiff's claim. *See id.* at 9-16. On October 28, 2002, Defendant's Appeals Council denied Plaintiff's request for a review of the ALJ's decision. *See id.* at 4-5.

Plaintiff filed this action on November 22, 2002. *See* Dkt. No. 1. On March 23, 2005, Magistrate Judge Homer issued his RRO, in which he concluded that the ALJ (1) properly considered the opinion of Plaintiff's treating physician's assistant, (2) did not properly evaluate the specific nature of Plaintiff's past relevant work, (3) properly addressed Plaintiff's credibility, and (4) properly evaluated Plaintiff's work history. *See* Dkt. No. 14 at 9, 12, 14, 15. He recommended that the Court remand this case for further proceedings before the ALJ to evaluate the specific nature of Plaintiff's past relevant work. *See* Dkt. No. 14 at 12, 15-16.

Defendant has filed objections to the RRO. She does not object to Magistrate Judge Homer's first, third, and fourth conclusions. However, she does object to his second conclusion that the ALJ did not properly evaluate the specific nature of Plaintiff's past relevant work.

## II. DISCUSSION

If a party files specific, written objections to a magistrate judge's recommended disposition, the district court reviews the matters to which the party filed objections *de novo*. *See* Fed. R. Civ. P. 72(b). The court reviews matters to which there are no objections for clear error. *See id.* (advisory committee note). The court "may accept, reject, or modify the recommended

decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *See id.*

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). The ALJ must set forth "the crucial factors in any determination . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

Defendant must follow a five-step process in assessing whether a claimant is entitled to disability benefits:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (quotation omitted). Defendant's objections relate to Magistrate Judge Homer's assessment of the fourth inquiry. There are naturally two

aspects to this inquiry: the claimant's residual functional capacity and the physical requirements of her past work.

The ALJ considered several factors in evaluating Plaintiff's residual functional capacity. *See* AT at 15-17. On December 3, 2001, Plaintiff rejected an injection that her Physician's Assistant recommended for symptom relief and diagnostic assistance. *See id.* at 152. She also declined a proposed referral for physical therapy. *See id.* As the ALJ noted (without citation to authority), a claimant's failure to follow prescribed treatment adversely affects her claim. *See* 20 C.F.R. § 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled . . . .").

Plaintiff testified before the ALJ that, until September 2001, she had been working part-time at a hospital as a housekeeper. *See* AT at 35. That job involved washing beds, mopping, and cleaning bathrooms. *See id.* at 37. She was on her feet for the entire eight-hour shift apart from two fifteen-minute breaks and a half-hour lunch break. *See id.* At least half the time she spent bending over. *See id.* at 38. She was occasionally required to lift more than twenty pounds. *See id.* at 38-39.[1]

On several occasions from May 26, 2000, to December 3, 2001, Kim L. Trahan, a Physician's Assistant, examined and treated Plaintiff. *See id.* at 122-132, 147-161. During the December 3, 2001 examination, Mr. Trahan assessed Plaintiff's physical capacity. He noted that she could frequently lift eleven to twenty pounds, occasionally lift twenty to fifty pounds, frequently carry up to ten pounds, and occasionally carry eleven to twenty pounds. *See id.* at

---

[1] Magistrate Judge Homer noted that "[t]he ALJ did not inquire if Allen's past work allowed Allen to stand two hours without interruption and walk one hour without interruption." *See* RRO at 11. Plaintiff's testimony appears largely to address this concern.

-4-

156. He concluded that she could stand four hours out of an eight-hour work day, but only for two hours without interruption. *See id.* at 157. He also found that she could walk for two hours out of an eight-hour work day, but only for one hour without interruption. *See id.*[2]

On March 23, 2001, Dr. James Tacci performed a consultative orthopedic examination of Plaintiff. *See* AT at 136. Plaintiff told Dr. Tacci that she was able to cook meals, clean her home, do laundry, shop for food and clothing, and shower, bathe, and dress herself. *See id.* at 137. She told him that on a typical day she takes her grandson to the school bus and does housework. *See id.*

Finally, although the ALJ did not mention it in his discussion of Plaintiff's RFC, he cited Dr. Tacci's conclusions about Plaintiff's capacity in a previous part of his decision. *See id.* at 14.

---

[2] Although Magistrate Judge Homer critically noted that "it appears that the only medical opinion as to Allen's RFC that the ALJ relied on was that of a non-treating physician," *see* RRO at 11, he noted that a physician's assistant is not an acceptable medical source for purposes of a disability claim, *see id.* at 8. Federal regulations provide that

> (a) *Sources who can provide evidence to establish an impairment.* We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s). . . . Acceptable medical sources are—
>   (1) Licensed physicians . . . .
>
> * * *
>
> (d) *Other sources.* In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work . . . . Other sources included, but are not limited to—
>   (1) Medical sources not listed in paragraph (a) of this section (for example, . . . physician's assistants . . . .

20 C.F.R. § 416.913.

Dr. Tacci concluded that

> [t]he previously noted diagnosis would cause this claimant a minimal to mild degree of impairment. For instance, she could not go onto heights or do any significant climbing. She would also have a mild limitation with respect to heavy or frequent bending and lifting with her legs. . . . She is without limitation with respect to sitting, using her hands, reaching, or light levels of walking, standing, lifting, carrying, and bending.

*See id.* at 139.[3]

Based upon this evidence, the ALJ concluded that Plaintiff

> retains the residual functional capacity to perform the exertional demands of light work, work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds; some light jobs are performed while standing, and those performed in the seated position often require the worker to operate hand or leg controls (20 C.F.R. §§ 404.1567 and 416.967). The evidence supports a finding that she is able to lift and carry 20 pounds. The claimant has no significant non-exertional limitations which narrow the range of work she can perform.

*See id.* at 16.

The ALJ proceeded to consider the nature of Plaintiff's past work. He noted that

> [i]n her former job as a cook, the claimant stood/walked most of her 4-5 hour workday, with only occasional bending, and lifting to 20 pounds. Because the claimant's past work did not require the performance of work activities precluded by her medically determinable impairments, she is able to return to the type of work she performed in the past as a cook.

*See id.*

As Magistrate Judge Homer concluded, there appear to be some problems with the ALJ's

conclusion. The ALJ appears to have depended upon the amount that Plaintiff can lift to

---

[3] Magistrate Judge Homer noted that Dr. Tacci did not specify what "mild limitation" or "light levels" meant in terms of Plaintiff's functional capacity. *See* RRO at 11. Defendant contends that, since Dr. Tacci has worked as a consultant for Defendant, he presumably used "light" in its legal meaning. However, it is not clear that the ability to do "light levels of walking . . . ." is equivalent to the ability to do "light work."

conclude that she has the capacity to do light work. However, given the nature of her physical limitation, a more pertinent inquiry would be whether she could stand for the length of time necessary for her work. Furthermore, the ALJ did not make specific findings about Plaintiff's limitations. "In assessing residual functional capacity, the Secretary must make his own findings, specifying what functions plaintiff is capable of performing, and not simply make conclusory statements regarding plaintiff's residual functional capacity." *Sullivan v. Sec'y of Health & Human Servs.*, 666 F. Supp. 456, 460 (W.D.N.Y. 1987) (citations omitted); *see Rosado v. Barnhart*, 290 F. Supp. 2d 431, 441 (S.D.N.Y. 2003) (quotation and other citation omitted); *Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citations omitted).

Since the ALJ did not adequately articulate grounds that would support his conclusion with respect to Plaintiff's RFC and her ability to perform her past work, the Court cannot determine whether substantial evidence supports that conclusion. Accordingly, the Court remands this case to Defendant pursuant to sentence four of 42 U.S.C. § 405(g).

### III. CONCLUSION

After carefully considering Magistrate Judge Homer's Report-Recommendation and Order, Defendant's objections thereto, the relevant parts of the record, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's March 23, 2005 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that this case is remanded to Defendant for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence four of 42 U.S.C. § 405(g); and the

Court further

      **ORDERS** that the Clerk of the Court close this case.

**IT IS SO ORDERED.**

Dated: June 8, 2005
       Syracuse, New York

                                                        Frederick J. Scullin, Jr.
                                                        Chief United States District Court Judge